## A91A1071. SCOTT v. THE STATE.
(410 SE2d 362)

POPE, Judge.

Defendant appeals his conviction and sentence for the offenses of possession with intent to distribute cocaine and possession of marijuana. Defendant filed a motion to suppress the contraband seized in the case on the basis that because no probable cause existed to justify his arrest, the search incident to arrest was illegal. The trial court denied that motion. Defendant then entered a plea of not guilty and agreed to a stipulated bench trial.

1. Defendant argues insufficient evidence exists to warrant his conviction, because the State did not submit any evidence that the substances seized in this case were controlled substances. The State argues that defendant should be precluded from raising this argument based upon the conduct of defense counsel. We agree. When the case was called for the stipulated bench trial the following conversation took place among prosecuting attorney Mrs. Macnamara, defense attorney Mrs. Mull, and the trial judge:

"MRS. MACNAMARA: Your Honor, the only other case is Case No. 17 on Robert Lewis Scott.

"Mr. Scott is here now. My understanding of the posture we're in now is, Mrs. Mull has asked to have a stipulated bench trial on this case using the evidence that has been heard on the motion to suppress, and the purpose, as I understand, of doing that is to preserve

the question of the motion to suppress on appeal.

"So, as I understand, what we will be doing today is both the state and the defendant asking Your Honor to simply find the defendant guilty on these charges in a bench trial, thereby preserving the motion to suppress as an appellate issue, and I have done this in this fashion before, believe it can be done in this way, and the state has no opposition to proceeding in that fashion.

"THE COURT: Mrs. Mull, is that your statement?

"MRS. MULL: Our statement is that what we would like to do is to have a stipulated bench trial. I believe the state would offer as evidence what the police officer said, and we would have no further evidence to put forward, and we would take whatever Your Honor's verdict is in that case and thereby indeed preserve the right to appeal should that be Mr. Scott's eventual desire.

"THE COURT: All right. Based upon the stipulation, I will find that Mr. Scott did commit the two criminal acts he's charged with in the indictment, the violation of the Georgia Controlled Substance Act, possession of marijuana and possession of cocaine with intent to distribute."

It is obvious from a review of the record that the defense attorney led both the trial judge and the prosecuting attorney to think that the only issue contested by the defendant was whether the evidence, obtained by the search of defendant, should be suppressed. The defense attorney made it clear to both the prosecuting attorney and the trial judge that her main goal in defending this case was to preserve for appeal the denial of defendant's motion to suppress. Defense counsel led the trial court to believe she conceded that the State had otherwise met its burden of proof. Defendant thus waived his right to challenge the sufficiency of the evidence of the elements of the crimes charged.

2. Defendant also argues insufficient probable cause existed to arrest him, and therefore, the search incident to arrest was illegal. The only witness at the motion to suppress hearing was the arresting officer who testified the police department had received a report that two black males were selling cocaine from a white vehicle at a certain shopping center, which was known by police as a drug area. The arresting officer and three other units responded to that report. The arresting officer parked at a nearby apartment complex and approached the shopping center on foot. When the officer walked through the breezeway of the shopping center, he observed the defendant bending over and placing something in a trash container. The officer further testified that as the defendant walked away from the trash container, defendant looked in the direction of the other police units that had responded to the call.

When the officer walked by the trash container, he saw a "Ziploc

bag containing several smaller baggies that were a white substance" at the top of the trash container. The officer then began to call to the defendant, who responded on the third call. The officer asked him for identification, which the defendant was unable to produce. During the defendant's search for identification, however, he became nervous and pulled a small manilla envelope from his jacket pocket. The officer recognized the type envelope removed from his jacket pocket as an envelope often used for marijuana. The officer then placed defendant under arrest and during the search incident to arrest discovered a green leafy substance in the small manilla envelope that defendant had earlier removed from his pocket.

We conclude that these circumstances were sufficient to establish probable cause for the arresting officer to believe that defendant possessed a controlled substance. See *Scott v. State*, 193 Ga. App. 74, 75 (387 SE2d 31) (1989); *Green v. State*, 168 Ga. App. 558 (309 SE2d 687) (1983). Therefore, the search incident to arrest was proper. The cases relied upon by defendant, *State v. Casey*, 185 Ga. App. 726 (365 SE2d 878) (1988) and *Vincent v. State*, 178 Ga. App. 199 (342 SE2d 382) (1986) are factually inapposite to this case and do not support defendant's position. The trial court properly denied the defendant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 10, 1991.

*Corinne M. Mull*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.