## A95A2305. MOBLEY v. THE STATE.
### (466 SE2d 669)

JOHNSON, Judge.

Irvin Mobley was convicted of aggravated child molestation in that he forced his niece to perform oral sodomy on him. He appeals from that conviction.

1. Mobley's challenge to the sufficiency of the evidence supporting the conviction is without merit. The victim testified that on numerous occasions, from the time she was five until she was eleven or twelve years old, Mobley forced her to perform oral sex on him, rubbed her breasts with his hands, placed his fingers inside her vagina and laid on top of her while they were both undressed. Another of Mobley's nieces testified that from the time she was nine until she was twelve years old Mobley forced her, on approximately ten to twenty occasions, to perform oral sex on him. She also testified that on at least one occasion he tried to have sexual intercourse with her. Viewed in the light most favorable to the verdict, the testimony of the victim and Mobley's other niece was enough to enable a rational trier of fact to find Mobley guilty beyond a reasonable doubt of aggravated child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-6-4 (c).

2. Mobley claims the court erred in refusing to dismiss the indictment on the ground that it charged a single act of child molestation

which occurred outside the statute of limitation. This claim is without merit. There is a seven-year statute of limitation for aggravated child molestation offenses committed after July 1, 1987, and a four-year limitation period for such offenses committed before July 1, 1987. OCGA § 17-3-1 (c); *Martin v. State*, 196 Ga. App. 145, 146 (1) (395 SE2d 391) (1990). Here, the indictment was filed on February 7, 1994, and charged that Mobley forced the victim to perform an act of oral sodomy between March 1, 1987, and August 31, 1989. The court correctly ruled that under this indictment any act of molestation which occurred before July 1, 1987, is barred by the four-year statute of limitation, which expired in 1991. However, the seven-year statute of limitation had not expired on any molestation which occurred between July 1, 1987, and the date the indictment was returned in February 1994. Accordingly, the court properly denied Mobley's motion to dismiss the indictment and correctly instructed the jury that it could only consider acts of oral sodomy occurring between July 1, 1987, and the date the indictment was filed in determining Mobley's guilt or innocence under the indictment. See generally *Keri v. State*, 179 Ga. App. 664, 668 (4) (347 SE2d 236) (1986). The court's ruling and jury instruction did not improperly alter the indictment, but simply removed from the jury's consideration the mere surplusage contained in the indictment. See *Ingram v. State*, 211 Ga. App. 252, 253 (1) (438 SE2d 708) (1993). The court therefore committed no error in refusing to dismiss the indictment.

3. Mobley argues the court erred in refusing to hold a similar transaction hearing before the start of the trial, and instead holding two separate hearings in the middle of the trial immediately before similar transaction testimony was offered by the victim and the other niece. Although it may be preferable to hold a similar transaction hearing before trial, the court has discretion in deciding when to hold the hearing, and it is not reversible error to hold the hearing in mid-trial where the defendant can show no prejudice from the failure to have the hearing before trial. *White v. State*, 203 Ga. App. 889, 890 (1) (418 SE2d 149) (1992). Because Mobley can show no prejudice, we must hold that the trial court did not abuse its discretion in holding the similar transaction hearings after the start of the trial.

4. Mobley's complaints that the court erred in admitting similar transaction testimony from the victim and the other niece because such evidence was not offered by the State for a proper purpose are specious. "(T)he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible when the accused is being tried for one or more crimes involving some form of sexual abuse of a child. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally

extended in the area of sexual offenses." (Citations, punctuation and emphasis omitted.) *McGarity v. State*, 212 Ga. App. 17, 19 (2) (440 SE2d 695) (1994). In the instant case, the similar transaction evidence of both the victim and Mobley's other niece was properly admitted as relevant to show Mobley's lustful disposition, plan, scheme, bent of mind and course of conduct, whereby he would subject his young female relatives to his acts of sexual abuse. See *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993); *Rash v. State*, 207 Ga. App. 585, 586-587 (3) (428 SE2d 799) (1993); *Starnes v. State*, 205 Ga. App. 882, 883-884 (1) (424 SE2d 4) (1992).

5. Mobley contends the court erred in not allowing him to ask potential jurors during voir dire whether they had heard of "false memory syndrome" or "repressed memory." Mobley's contention is unpersuasive. "The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." (Citations and punctuation omitted.) *Kirkland v. State*, 206 Ga. App. 27, 28 (4) (424 SE2d 638) (1992). Here the court did not manifestly abuse its discretion in disallowing Mobley's proposed questions because they appear to test jurors' willingness to accept the defense theory rather than to test juror impartiality. See *Meeks v. State*, 216 Ga. App. 630, 632-633 (4) (455 SE2d 350) (1995).

6. Mobley asserts that the court erred in inspecting only the prosecutor's files, and in refusing to inspect the files of the Georgia Bureau of Investigation (GBI) and other state law enforcement agencies, for material exculpating Mobley. Contrary to this assertion, the court correctly denied Mobley's request for an inspection of GBI and other law enforcement agencies' files because Mobley was entitled only to exculpatory material contained in the state prosecutor's file or about which the prosecutor had knowledge; the court was not required to inspect all police investigative files. See *Morrill v. State*, 216 Ga. App. 468, 472-473 (7) (454 SE2d 796) (1995).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 5, 1996 —

Michael O. Horgan, Jeffrey C. McLellan, for appellant.
Dennis C. Sanders, District Attorney, M. Eric Eberhardt, Assistant District Attorney, for appellee.