## A95A2104. MOSS v. THE STATE.
(469 SE2d 325)

BLACKBURN, Judge.

Charles Moss, Jr. appeals his conviction of violations of the Georgia Securities Act. OCGA § 10-5-12. Moss contends the trial court erred in denying his motion for a directed verdict of acquittal. He asserts that the State failed to initiate the prosecution against him within the applicable four-year statute of limitation period and that the State failed to allege any exception to the statute of limitation in the indictment.

Generally, prosecutions for violations of the Georgia Security Act — a felony — must be commenced within four years after the commission of the crime. OCGA § 17-3-1 (c). While it is uncontested that the prosecution of Moss did not commence within the four-year period, the State contends the case falls within a known statutory exception. However, the State did not allege any statute of limitation exception in the indictment.

It has long been the law in Georgia " '[i]n a criminal case, where an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged and proved. Such proof is inadmissible unless the exception sought to be proved is alleged.' *Hollingsworth v. State*, 7 Ga. App. 16 (1) (65 SE 1077). Accord, *McLane v. State*, 4 Ga. 335, 339 (2); *Bazemore v. State*, 34 Ga. App. 773 (131 SE 177); *Taylor v. State*, 44 Ga. App. 64, 67 (2) (160 SE 667); *State v. Tuzman*, 145 Ga. App. 481, 483 (3) (243 SE2d 675)." *State v. Stowe*, 167 Ga. App. 65, 68 (306 SE2d 663) (1983). Furthermore, the exception must be alleged in the indictment. See id. As no exception was alleged in the indictment, the State was incapable of proving an exception to toll the applicable four-year statute of limitation, as such proof was inadmissible. The evidence shows that Moss was not indicted within the statutory period, and Moss properly raised the statute of limitation as an affirmative defense during the trial of the case; therefore, the trial court erred in denying Moss's motion for directed verdict of acquittal. See *Hollingsworth*, supra at 18-19.

Because our conclusion with respect to the first enumeration of error is dispositive of the case, we need not address the remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 9, 1996.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, Edwin J. Wilson*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Frank*

*R. Cox, Nancy I. Jordan, Assistant District Attorneys,* for appellee.