A97A1552. McCORMICK v. THE STATE.
(491 SE2d 903)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of molesting his four-year-old daughter in violation of OCGA § 16-6-4 (a). This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Although the victim (five years old at the time of trial) appeared at trial and recanted her pre-trial description of the act which is the basis of the crime charged, the child's description of defendant touching her genital area during a videotaped interview with a Department of Family & Children Services ("DFCS") investi-

gator; her pre-trial statements to this investigator as well as to her aunt that defendant showed her pornographic magazines; her trial testimony that she is afraid of defendant and similar transaction evidence indicating that defendant has a penchant for sexually molesting younger family members authorizes the jury's finding the defendant is guilty, beyond a reasonable doubt, of child molestation as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Defendant's intent when he touched the victim's genital area was a matter which was properly submitted for jury resolution. *Andrew v. State*, 216 Ga. App. 427 (454 SE2d 542).

2. The trial court did not err in admitting a pornographic magazine into evidence at trial. Defendant's spouse identified this magazine as the type of pornography defendant kept at the victim's home; defendant's sister testified that the victim informed her that defendant showed the child pornographic magazines and the victim informed a DFCS investigator that defendant had showed her pornographic magazines. The magazine was relevant to show defendant's bent of mind, lustful disposition and indecent desire to sexually arouse the victim. *Burris v. State*, 204 Ga. App. 806, 808 (1) (420 SE2d 582).

3. Defendant's younger brother and his younger sister testified that defendant sexually molested them when they were children; that defendant began this abuse when they were of tender years (five years old) and that they did not report defendant's criminal behavior because they were afraid. The trial court did not err in admitting this similar transaction evidence. *Mobley v. State*, 219 Ga. App. 789, 790 (4) (466 SE2d 669). Contrary to defendant's assertion, this evidence was not too remote in time to be relevant to prove defendant's lustful disposition, bent of mind and course of conduct. See *Bryson v. State*, 210 Ga. App. 642, 643 (2) (437 SE2d 352).

4. The trial court did not err in allowing the victim's out-of-court statements to her aunt (defendant's younger sister) and a DFCS investigator regarding the incident which is the basis of the crime charged. Considering the victim's age and the consistency of her statements, the record contains sufficient indicia of reliability for the statements to be admissible under OCGA § 24-3-16. See *Wells v. State*, 222 Ga. App. 587 (474 SE2d 764).

5. The trial court did not err in charging the jury that the similar transaction evidence "may be considered for the limited purpose of showing, if it does, the state of mind, i.e., the knowledge or intent of the defendant. . . ." See *Rice v. State*, 217 Ga. App. 456, 458 (2) (458 SE2d 368). The cases cited in defendant's brief do not support his assertion that this excerpt from the trial court's limiting instruction was a "[c]harging" error.

6. The trial court did not abuse its discretion in giving a charge

consistent with Standard 15-4.4 of the American Bar Association Standards for Criminal Justice when the jury submitted the following question to the trial court: "If we can't agree, what then?" See *Romine v. State*, 256 Ga. 521, 525 (1) (c), 527 (350 SE2d 446). Since this question does not concern a matter which the jury was called upon to resolve, the trial court did not err in failing to inform the jury about the effect of a jury's inability to reach a verdict. Compare *Gidden v. State*, 205 Ga. App. 245, 247 (2), 248 (422 SE2d 30), and cits.

7. Defendant contends his trial attorney ineffectively failed to preserve — via objection at trial — all but one issue enumerated as error in the case sub judice. In light of our holding in Divisions 2 through 6 of this opinion, no prejudice could possibly have resulted from defendant's trial attorney's alleged inadequate trial representation. *Dixon v. State*, 267 Ga. 136, 138 (2), 139 (475 SE2d 633). This enumeration of error provides no basis for reversal.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED SEPTEMBER 10, 1997.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.