A98A0280. LEE v. THE STATE.
(501 SE2d 844)

RUFFIN, Judge.

A jury found George Lee guilty of committing the following offenses against his minor stepson and stepdaughter: one count each of aggravated sodomy, child molestation, statutory rape and incest, and two counts of cruelty to children. Lee appeals, asserting (1) that there was insufficient evidence showing he committed one of the counts of cruelty to children within the statute of limitation, (2) that there was insufficient evidence supporting his conviction for statutory rape and (3) that the trial court erred in allowing a State's expert witness to testify concerning a victim's credibility. For reasons which follow, we affirm.

1. There was sufficient evidence showing the State prosecuted Lee for cruelty to his stepson within the statute of limitation.

A person "commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b). A prosecution for the felony of cruelty to children must generally be commenced within four years after commission of the crime. See OCGA §§ 17-3-1 (c); 16-5-70 (c). However, when the victim is under fourteen years old, the limitation period for prosecuting the offense is extended to seven years from the commission of the crime. OCGA § 17-3-1 (c).[1] At trial, "[t]he date of the offense need not be proved with preciseness, but only that it occurred during the period of limitation. It may be established by circumstantial evidence." (Citations and punctuation omitted.) *Peavy v. State*, 179 Ga. App. 397 (1) (346 SE2d 584) (1986). Finally, in determining whether a crime is prosecuted within the limitation period, the date of prosecution is the date the indictment was filed. OCGA § 16-1-3 (14). See also id.; *State v. Rustin*, 208 Ga. App. 431, 433 (2) (430 SE2d 765) (1993).

Viewed in a light most favorable to support the jury's verdict, the evidence supporting Lee's cruelty to children conviction shows as follows. George Lee and Bonnie Lee were married in 1983. After the wedding, Bonnie Lee's two children from a previous marriage lived with George and Bonnie Lee. In 1988, when the stepson was 13 years old, Lee regularly forced him to have sexual intercourse with his mother. The stepson testified that Lee "called [the intercourse] sugar. And he would ask you, or ask me would I want some sugar." The evidence showed that if the stepson refused to have intercourse with his mother, Lee would beat him with a belt, a board or a stick.

Although there is no evidence showing the specific dates on which Lee committed these acts, the evidence does establish that the acts occurred when the stepson was age 13, and that he turned 14 on December 30, 1988. The stepson's testimony also reveals that the forced intercourse happened "[a]ll the time. . . . [T]here was never set dates or set times. It was just whenever. I mean, sometimes a week would go by and it didn't happen, and sometimes it would happen every day." Finally, the record shows that Lee was indicted for cruelty to children on December 18, 1995.

Because the stepson was thirteen at the time of the offense, the State had seven years to commence its prosecution. OCGA § 17-3-1 (c). Accordingly, any acts which occurred after December 18, 1988 (seven years prior to the indictment) and before December 30, 1988

---

[1] Because this charge does not concern any acts that occurred on or after July 1, 1992, the tolling provision in OCGA § 17-3-2.1 does not apply. See OCGA § 17-3-2.1 (b).

(the victim's 14th birthday), could form the basis of the prosecution. Inasmuch as the evidence showed that the acts occurred almost daily, and only a week lapsed between the incidents, a jury could find that Lee committed an act during this twelve-day period which fell within the seven-year statute of limitation. See OCGA § 17-3-1 (c). Accordingly, the trial court properly denied Lee's motion for directed verdict on this ground. See *Peavy*, supra.

2. We also find that the trial court properly denied Lee's motion for directed verdict on the statutory rape charge. "A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." OCGA § 16-6-3 (a). Lee asserts that the trial court erred in denying his motion because there was no corroborating evidence supporting the victim's testimony. We disagree.

" 'A child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute "sufficient substantive evidence of corroboration" in a statutory rape case. [Cit.]' [Cit.]" *Turner v. State*, 223 Ga. App. 448, 450 (2) (477 SE2d 847) (1996). The transcript here contains such corroborating testimony. The victim testified that Lee repeatedly had intercourse with her in her bedroom when she was between 12 and 17 years old. The transcript shows that the victim told her mother, Bonnie Lee, about the offenses and the mother testified about the victim's statements at trial. In addition, Bonnie Lee testified that Lee was frequently alone with the victim in the bedroom and that on one occasion she, Bonnie Lee, went into the bedroom and found Lee "on top of [the victim] naked." This was sufficient corroborating evidence for a jury to find beyond a reasonable doubt that Lee committed statutory rape. See id.

3. Finally, Lee asserts that the trial court erred by allowing a clinical social worker to give an expert opinion as to the stepdaughter's credibility. Again, we disagree.

The transcript reveals that the witness, a clinical social worker who specialized in child sexual abuse, testified extensively about the child abuse accommodation syndrome. Following this testimony, the prosecutor asked the witness: "Have you met with a young lady named [M. D., the victim]?" The witness responded: "I'm not able to disclose that because of privilege. I couldn't say one way or the other at this point. I would have to have the permission of that person, if that were the case, to be able to disclose that." Following this response, the prosecutor stated he had no further questions and Lee's counsel similarly stated that he had no questions. Importantly, Lee never objected to the testimony and his failure to object precludes

consideration of that assertion on appeal. See *Ryans v. State*, 226 Ga. App. 595 (2) (487 SE2d 130) (1997). Moreover, even if Lee had objected, contrary to his assertion, this testimony does not imply that the witness found the victim credible. Cf. *Hilliard v. State*, 226 Ga. App. 478 (487 SE2d 81) (1997) (expert testified that she met with the victim and that based on her observations she " 'firmly believe[d] that he was molested.' ").

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 17, 1998.

*John R. Thigpen, Sr.*, for appellant.

*Richard E. Currie, District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.