A02A0885. GRIZZARD v. THE STATE.
(572 SE2d 760)

POPE, Senior Appellate Judge.

William Grizzard was indicted on two counts of aggravated child molestation (OCGA § 16-6-4 (c)), one count of statutory rape (OCGA § 16-6-3), and one count of aggravated sexual battery (OCGA § 16-6-22.2) involving one of two alleged victims. The separate counts involving the second victim are not at issue. He appeals the denial of his general demurrer and his motion to dismiss the indictment with regard to the first victim.

1. Counts 1, 2, and 3 of the indictment each allege an offense (aggravated child molestation or statutory rape) that requires as an essential element that the alleged victim be under the age of 16 at the time of the offense, and each count alleges that the victim was less than 16 years old at the time. But each count alleges that the offenses were committed between July 2, 1995, and May 12, 1997, "the exact date of which is unknown to the members of the Grand Jury," and the State has stipulated that the victim was born on October 16, 1980, thereby turning 16 on October 16, 1996. Thus, the period of time during which the State alleges the first three crimes were committed includes time when the victim was sixteen years old.

Grizzard filed a general demurrer on the grounds that the indictment is defective in that it fails to set out or factually support an essential element of the crime. Grizzard contends that because the grand jury did not know the exact date of the crime, the indictment does not show that it occurred before the victim was 16 years of age as required by OCGA §§ 16-6-4 (c) and 16-6-3. He contends that the trial court erred by denying his demurrer on this point.

"An accusation or indictment is not subject to a general demur-

---

[29] *Judge v. State,* 240 Ga. App. 541, 542-543 (1) (524 SE2d 4) (1999).

rer unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent." *State v. Jones*, 251 Ga. App. 192, 193 (553 SE2d 631) (2001). Here, Grizzard could not admit the charges and still be innocent as a matter of law. The indictment alleges that the crimes occurred during times that the victim was less than 16 years of age even though the grand jury did not know the exact dates. The trial court did not err.

2. Grizzard also moved to dismiss the indictment on the grounds that the statute of limitation had run and the State did not allege in the indictment an exception to the applicable limitation period as required by *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996). He appeals the denial of his motion.

Each of Counts 1, 2, and 3 alleges crimes for which the applicable statute of limitation, at the time of the alleged crimes, was seven years if the victim was under fourteen years of age and four years if the victim was older. OCGA § 17-3-1 (c).[1] OCGA § 17-3-2.1 provides that, for certain crimes including those alleged in Counts 1, 2, and 3, when the victim is less than 16 years old, the applicable limitation period does not begin to run until the victim turns 16 or until the crime is reported, whichever comes first. Limitation periods run through the time of the indictment, *Cain v. State*, 144 Ga. App. 249 (1) (240 SE2d 750) (1977), and Grizzard was indicted on February 5, 2001. He was indicted for crimes allegedly occurring between July 2, 1995, and May 12, 1997, when the victim was age fourteen years eight months through age sixteen years seven months, but the State asserted below that it has evidence that each of the crimes occurred at earlier points in time, which would include times when the victim was under the age of fourteen.

With regard to Counts 1, 2, and 3, the trial court held that: (1) all offenses that occurred before July 1, 1992, are barred because the seven-year statute applicable to offenses involving a victim under the age of fourteen had run and no tolling provision was applicable at the time; (2) all offenses that occurred on or after July 1, 1992, and before October 16, 1994 (the victim's fourteenth birthday), are not barred by the applicable seven-year limitation because the period of limitation did not begin to run until the victim's sixteenth birthday (October 16, 1996) pursuant to the tolling provision found in OCGA § 17-3-2.1, which became effective on July 1, 1992; (3) all offenses that occurred on or after October 16, 1994, and before October 16, 1996, are barred by the applicable four-year limitation related to victims not less than

---

[1] Subsection (c) of this Code section was recently amended to apply the seven-year statute of limitation to felonies committed against victims who are under the age of 18, rather than 14, at the time of the crime, but the amendment applies only to crimes that occur on or after July 1, 2002. OCGA § 17-3-1 (c) (Supp. 2002).

fourteen years of age; and (4) all offenses that occurred after February 5, 1997 (four years before the indictment), would not be time-barred but they would not meet the elements of the offenses because the victim was older than sixteen at the time. The State admits that the dates alleged should not exceed the date of the victim's sixteenth birthday.

Accordingly, based on the trial court's order and the State's concession, the only surviving aspects of Counts 1, 2, and 3 are charges that Grizzard committed the offenses on or after July 1, 1992, and before October 16, 1994. Grizzard contends that the trial court applied the wrong limitation period and that it should not have applied the tolling provision. We agree in part.

First, in a case of this type, the State is allowed to prove that the crimes occurred at times other than those alleged in the indictment. " 'In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations.' [Cits.]" *Ledesma v. State*, 251 Ga. 885 (1) (a) (311 SE2d 427) (1984). An exception to this rule applies when the indictment specifically alleges that the date or dates are material. Id. But that exception is not applicable here because there was no such allegation. Therefore the trial court correctly considered that the offenses could have occurred outside of the dates alleged in the indictment.

With regard to tolling, the State alleged sufficient information in the indictment to show application of the tolling provision found in OCGA § 17-3-2.1. The State may rely on an exception to the statute of limitation, such as OCGA § 17-3-2.1, only if it alleges the exception in the indictment. See *Moss v. State*, 220 Ga. App. at 150. It is undisputed that the State did not state in the indictment that it was relying on OCGA § 17-3-2.1 but it did allege that the victim was under the age of 16.

*Moss* relied on longstanding Georgia law that provides, "in a criminal case, where an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged and proved. Such proof is inadmissible unless the exception sought to be proved is alleged [in the indictment]." (Citations and punctuation omitted.) *Moss*, 220 Ga. App. at 150. The reason for this rule is that the indictment must show on its face "that the defendant has been indicted [for the crime], in the manner, and *within the time*, prescribed by the laws of the land." (Emphasis in original.) *McLane v. State of Ga.*, 4 Ga. 335, 340 (1848). See also *Moss*, 220 Ga. App. at 150.

In this case, the State alleged in the indictment that the victim was under the age of 16. Accordingly, it appears on the face of the indictment that the statute of limitation is subject to the condition

found in OCGA § 17-3-2.1, i.e., that the victim is under the age of 16. The court did not err by applying the tolling provision of OCGA § 17-3-2.1.

But the State did not allege that the victim was under the age of 14 at the time of the offenses. (Indeed, the dates of the offenses alleged in the indictments do not include times when the victim was under that age.) Accordingly, one cannot tell from reading the indictment alone that the seven-year statute of limitation for victims under the age of fourteen applies as provided in OCGA § 17-3-1 (c). Therefore, the State has failed to show in the indictment that Grizzard was indicted within the time prescribed by law for offenses occurring when the child was less than 14 years old. See *McLane*, 4 Ga. at 340. Accordingly, the only parts of Counts 1, 2, and 3 allowed by the trial court are improper and should have been dismissed.

Count 4 has the same problem. The trial court held that the only offenses for which the applicable limitation period had not run on Count 4 were those that occurred after February 5, 1994, and before October 16, 1994 (the victim's fourteenth birthday), because the indictment was returned within the seven-year period of limitation provided by OCGA § 17-3-1 (c) for victims under the age of fourteen. But the indictment failed to allege that the victim was less than fourteen years old thereby triggering the seven-year limitation period. Accordingly, Count 4 should have been dismissed as well.

The trial court's order is vacated and the case remanded for a new order granting Grizzard's motion to dismiss in its entirety. Grizzard's remaining enumerations of error are moot.

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 22, 2002.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Philip C. Smith, District Attorney, Penny A. Penn, Assistant District Attorney*, for appellee.