### A03A1714. TOMPKINS v. THE STATE.
(595 SE2d 599)

JOHNSON, Presiding Judge.

Pursuant to a stipulated trial before a judge sitting without a jury, Steve Tompkins was convicted of two counts of child molestation. He appeals, arguing that the state failed to prove venue and that the judge should have ruled that the child molestation charges are barred by the statute of limitation. The argument concerning venue is without merit. But the trial court's statute of limitation ruling was, in part, erroneous. We therefore vacate Tompkins' convictions and remand the case for a new trial within the parameters set by this opinion.

On July 3, 2002, the Cobb County grand jury indicted Tompkins

for five sexual offenses against his stepdaughter: aggravated sexual battery, attempt to commit rape, and three counts of child molestation. Tompkins filed a speedy trial demand, and the case was called for trial on October 21, 2002. Tompkins' attorney told the court that she was not ready for trial, offered to withdraw the speedy trial demand, and moved for a continuance. The court refused to continue the case, noting that Tompkins' attorney had announced that she was ready for trial at previous calendar calls and by having filed the speedy trial demand.

The trial then commenced, but Tompkins' attorney refused to participate, claiming that she could not provide effective assistance of counsel due to her lack of preparation. A jury was picked and the state presented its evidence, all without any participation by Tompkins or his attorney. The state's first witness was Tompkins' stepdaughter, who testified that the acts of molestation occurred at their home in Cobb County. The stepdaughter's biological father and a detective also testified, after which the court ordered a recess.

When the trial resumed the following day, October 22, a new attorney appeared in court on behalf of both Tompkins and his original lawyer, who was facing contempt charges for refusing to participate in the trial. Tompkins and his original lawyer waived any conflict of interest in having the same attorney represent them. Tompkins' new counsel then moved for a mistrial, waiving the speedy trial demand and waiving any future claims of double jeopardy. The trial court granted the motion for a mistrial.

On January 13, 2003, Tompkins was back in court, represented by his new counsel and another attorney. The trial court first heard Tompkins' plea in bar, which asserted that the five-count indictment is barred by the statute of limitation. The court granted the plea as to the aggravated sexual battery and attempted rape charges, finding that they are barred by the statute of limitation. But the court denied the plea as to the three child molestation counts, and a stipulated bench trial on those charges was then held.

No witnesses testified at the bench trial. Rather, at the outset of the trial, one of Tompkins' lawyers told the court that the defense would first stipulate to the facts proffered by the state, would next present a summary of its own evidence, and would then ask the court to render judgment based on the parties' proffered evidence. The prosecutor then summarized the state's case for the court, stating that the evidence would show that when the victim was 12 years old, she and her mother and sisters began living with Tompkins. When the victim was aged 13 to 15, Tompkins molested her at their home. On several occasions he touched her breasts and vagina with his hands, and once he touched her vaginal area with his penis.

One of Tompkins' attorneys then made a proffer of the defense

case. The attorney stated that there is no physical evidence of molestation, that defense witnesses would show the victim is emotionally unstable and is motivated to lie, that witnesses would testify about Tompkins' good character, and that Tompkins himself would emphatically deny ever molesting the girl. The attorney concluded by reiterating the defense position that the child molestation charges are barred by the statute of limitation.

The judge found Tompkins guilty on two of the child molestation counts and not guilty on the other count. Pursuant to a negotiated sentencing recommendation between the state and the defense, the court sentenced Tompkins to serve ten years on probation as a first offender. Tompkins appeals from his child molestation convictions.

1. Tompkins contends that the state did not prove venue because in its stipulated proffer of evidence at the bench trial the state never mentioned that the crimes occurred in Cobb County. While venue is an essential element of the crimes charged, parties may agree to stipulate to facts in a criminal case.[1] This court has rejected attempts to appeal stipulated issues after bench trials.[2]

In *Scott v. State*,[3] we held that the defendant could not challenge the sufficiency of the evidence on appeal because his stipulation at a bench trial led the state and the court to believe that the only disputed matter was if certain evidence should be suppressed.

> It is obvious from a review of the record that the defense attorney led both the trial judge and the prosecuting attorney to think that the only issue contested by the defendant was whether the evidence, obtained by the search of defendant, should be suppressed. The defense attorney made it clear to both the prosecuting attorney and the trial judge that her main goal in defending this case was to preserve for appeal the denial of defendant's motion to suppress. Defense counsel led the trial court to believe she conceded that the State had otherwise met its burden of proof. Defendant thus waived his right to challenge the sufficiency of the evidence of the elements of the crimes charged.[4]

The instant case differs slightly from *Scott* in that Tompkins did not file a motion to suppress and did not waive all challenges to the sufficiency of the evidence. But those differences are immaterial because Tompkins' stipulation clearly led the trial court and the

---

[1] *Sanders v. State*, 252 Ga. App. 609, 612-613 (2) (556 SE2d 505) (2001).
[2] Id. at 614.
[3] 201 Ga. App. 162, 163 (1) (410 SE2d 362) (1991).
[4] Id.

state to believe that he was not challenging the sufficiency of the evidence as to venue.

It is apparent from a review of the record that Tompkins' defense at the stipulated bench trial was twofold and in no way contested venue. His first and primary defense strategy was to have the trial court find that all the charges are barred by the statute of limitation. When the trial court ruled that the three child molestation counts of the indictment are not time-barred, Tompkins proceeded with his second defense strategy, which was to challenge the reliability of the victim's accusation that he had molested her. Tompkins' attorney did this during his proffer of the defense evidence by asserting Tompkins' denial of the accusation, by attacking the victim's credibility, and by citing evidence of Tompkins' good character. But Tompkins and his attorneys never contested the issue of venue during the defense proffer, nor at any other point of the stipulated bench trial.

The record plainly reveals that the stipulation by Tompkins' lawyers led the trial judge and the prosecutor to believe that the only contested issues were the timeliness of the charges and the believability of the victim's claims of molestation, not whether venue was proper in Cobb County.[5] By making it clear to the court and the state that the defense's goal at the stipulated bench trial was to contest only those two issues, Tompkins and his lawyers waived any right to challenge the sufficiency of the evidence of venue for the first time on appeal.[6]

2. Tompkins argues that the trial court erred in not finding that the two counts of child molestation of which he was convicted are barred by a four-year statute of limitation. As discussed below, Tompkins' reasoning is flawed. However, the bottom line of his argument is partially correct because the trial court should have found that a portion of the two child molestation counts is barred by the four-year statute of limitation, while another portion is not barred because it falls under a seven-year statute of limitation. The court's partially erroneous ruling mandates that we vacate Tompkins' convictions and remand the case for a new trial.

(a) Because Tompkins has no prior child molestation convictions, the maximum sentence he faced at trial was 20 years imprisonment.[7] Since he did not face a possible punishment of life imprisonment or death, the applicable statutes of limitation for his prosecution are found in OCGA § 17-3-1 (c). That Code section provides for either a

---

[5] We note that during the first trial there was uncontradicted testimony from the victim establishing venue in Cobb County.

[6] See *Sanders*, supra at 615-617; *Scott*, supra.

[7] OCGA § 16-6-4 (b).

four-year or seven-year statute of limitation for noncapital felonies, depending on the age of the victim.

> Prosecution for felonies other than [murder and other crimes punishable by death or life imprisonment] must be commenced within four years after the commission of the crime, provided that prosecution for felonies committed against victims who are at the time of the commission of the offense under the age of 14 years must be commenced within seven years after the commission of the crime.[8]

The premise of Tompkins' argument is that the four-year period set forth in OCGA § 17-3-1 (c) is the general statute of limitation for all noncapital felonies and that the seven-year period established by the Code section is a mere exception to that general statute of limitation. Relying on that premise, Tompkins notes the rule that any exception to the applicable statute of limitation must be alleged in the indictment.[9] He then cites the case of *Grizzard v. State*[10] for the proposition that since the indictment here does not allege that the victim was under fourteen, the seven-year exception to the four-year statute of limitation does not apply. And, he concludes, the indictment was not filed within the applicable four-year statute of limitation.

(b) The premise of Tompkins' argument is flawed. Contrary to his claim, the seven-year period established by OCGA § 17-3-1 (c) is not a mere exception to the four-year period also contained in that Code section. Rather, it is, in and of itself, a general statute of limitation.

OCGA § 17-3-1 is entitled "Limitation on prosecutions — Generally." Thus, the plain language of the Code section's title indicates that it provides for general statutes of limitation, not exceptions.[11] Moreover, the plain language of subsection (c) itself does not establish a general rule and an exception. Instead, the language, construed in its entirety, clearly sets forth two distinct time limits for commencing the prosecution of noncapital felonies, neither of which is an exception to the other: there is a seven-year limit if the victim is

---

[8] OCGA § 17-3-1 (c).

[9] *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996).

[10] 258 Ga. App. 124, 125-127 (2) (572 SE2d 760) (2002).

[11] In addition to the time limitations contained in subsection (c), OCGA § 17-3-1 also sets forth the general statutes of limitation for other prosecutions. Subsection (a) states that a prosecution for murder may commence at any time. Subsection (b) establishes a seven-year statute of limitation for prosecuting other crimes punishable by death or life imprisonment, and a fifteen-year statute of limitation for forcible rape prosecutions. And subsection (d) establishes a two-year statute of limitation for misdemeanors.

under the age of fourteen and a four-year limit if the victim is fourteen or older. Finally, our Supreme Court has expressly stated that exceptions to subsection (c) are found in a different Code section, OCGA § 17-3-2,[12] thereby implicitly recognizing that subsection (c) itself contains general statutes of limitation and not exceptions.

We therefore conclude that because the seven-year period provided for by OCGA § 17-3-1 (c) is a general statute of limitation governing a particular class of criminal cases — noncapital felonies committed against victims under fourteen — and not an exception to another statute of limitation, it need not be alleged in an indictment in order to be applicable to a particular prosecution. To the extent that the opinion in *Grizzard* reaches a contrary conclusion, it is hereby disapproved.

(c) We now must apply the time limitations set forth in OCGA § 17-3-1 (c) to the facts of the instant case. The counts of the indictment charging Tompkins with child molestation allege that the victim was under 16 and that the crimes occurred between July 1, 1995, and January 14, 1997, the exact dates being unknown. At trial, the parties stipulated that the victim was born on January 14, 1982, and that the alleged crimes occurred on several different occasions when she was 13 to 15 years old.

Based on the stipulated facts, some of the indicted acts of child molestation could have occurred when the victim was 13 years old. The stipulated facts establish that the victim turned 14 on January 14, 1996, so she was only 13 years old for any acts of child molestation that occurred between the first date alleged in the indictment — July 1, 1995 — and her fourteenth birthday. Because the victim would have been under fourteen when those acts of molestation occurred, the seven-year statute of limitation applies to those crimes.[13]

Furthermore, as Tompkins concedes, the indictment expressly avers that the victim was under the age of 16, thereby invoking the statute of limitation tolling provision set forth in OCGA § 17-3-2.1. That Code section provides that if a victim of child molestation, or various other crimes, is under 16 years of age on the date of the offense, then the period within which the prosecution must be commenced under OCGA § 17-3-1 shall not begin to run until the victim has reached the age of 16.[14] Accordingly, the seven-year statute of limitation applicable to any acts of child molestation that occurred while the victim was thirteen did not begin to run until the child

---

[12] *Womack v. State*, 260 Ga. 21 (2) (389 SE2d 240) (1990).
[13] See *Thompson v. State*, 212 Ga. App. 175, 176 (2) (442 SE2d 771) (1994).
[14] OCGA § 17-3-2.1 (a).

turned sixteen on January 14, 1998. That seven-year period will not expire until January 14, 2005.

"[I]n determining whether a crime is prosecuted within the limitation period, the date of prosecution is the date the indictment was filed."[15] The indictment here was filed on July 3, 2002. It is therefore well within the not-yet-expired limitations period, and the trial court correctly ruled that the prosecution for acts of child molestation occurring when the victim was 13 is not barred by the statute of limitation.[16]

However, any of the acts of molestation that occurred between the child's fourteenth birthday and the last date alleged in the indictment, January 14, 1997, would not fall under the seven-year time limit for felonies committed against victims under fourteen. Rather, any such offenses committed when the victim was fourteen and fifteen would instead be governed by the four-year statute of limitation.[17] Even with the running of that time period being tolled until the child turned sixteen, the four-year period expired on January 14, 2002. Since the indictment was returned almost six months after that expiration date, the state is barred by the statute of limitation from prosecuting Tompkins for any acts of molestation that occurred when the child was fourteen and fifteen. The trial court erred in failing to find that such a prosecution is prohibited.

The court's error allowed the state to present stipulated evidence that was overly broad in that it covered all acts of molestation occurring when the victim was 13 to 15 years old. For the reasons discussed above, the state should have been limited to presenting evidence only of molestation that took place within the seven-year statute of limitation applicable to the crimes alleged to have occurred when the victim was thirteen.[18] But since the state's evidence was not properly limited, we cannot determine with any degree of certainty whether or not the trial court's final judgment was based on appropriate findings of fact.

Given the stipulated evidence presented by the state, the trial court would have been authorized to make one of the following three findings: (1) that all the acts of molestation occurred when the victim was thirteen, or (2) that some acts of molestation occurred when the victim was thirteen and some occurred when she was at least fourteen, or (3) that all the acts occurred when she was fourteen and fif-

---

[15] (Citations omitted.) *Lee v. State*, 232 Ga. App. 300, 301 (1) (501 SE2d 844) (1998).

[16] See *Mobley v. State*, 219 Ga. App. 789, 790 (2) (466 SE2d 669) (1996).

[17] OCGA § 17-3-1 (c).

[18] See *Mobley*, supra (court properly limited jury's consideration to portion of the indictment alleging acts within statute of limitation).

teen. If the court made one of the first two findings, then Tompkins' convictions are supportable as a matter of law because those crimes, or at least some of them, occurred within the seven-year statute of limitation. But if the court made the third finding, the convictions would not be appropriate because all of those offenses are barred by the four-year statute of limitation. The problem that we face as the reviewing court is that it is impossible for us to determine the trial court's precise findings based on the record before us. We therefore cannot definitively decide whether the convictions should be sustained or reversed.

Accordingly, we hereby vacate Tompkins' convictions on two counts of child molestation and remand the case to the trial court for a new trial on those counts. We direct the trial court to limit the prosecution to offenses that are alleged to have taken place when the victim was thirteen years old and are thus within the seven-year statute of limitation. With that limitation in mind, we further note that since the exact dates of the offenses are not material allegations in the indictment, those dates may be proved as of any time within the applicable statute of limitation.[19]

*Judgment vacated and case remanded with direction. Smith, C. J., Andrews, P. J., Eldridge, Miller, Ellington, Mikell and Adams, JJ., concur. Blackburn, P. J., Ruffin, P. J., Barnes and Phipps, JJ., concur specially.*

RUFFIN, Presiding Judge, concurring specially.

I agree with the result reached by the majority, as well as the reasoning in Division 2. However, because I cannot agree with the majority's analysis in Division 1, I concur specially.

In Division 1, the majority concludes that, although the State failed to prove venue in this case, such failure does not require reversal because Tompkins never contested venue at the stipulated bench trial. According to the majority, Tompkins waived any right to challenge on appeal the sufficiency of the evidence supporting venue. I disagree.

Tompkins pled not guilty to the two child molestation charges of which he was later convicted. This "act of pleading not guilty to an indictment is considered by law to be an irrefutable challenge to all the allegations set forth therein, including those allegations pertaining to venue."[20] Like all other material allegations in the indictment, venue must be proven beyond a reasonable doubt.[21]

---

[19] See *Wallace v. State*, 253 Ga. App. 220, 221 (1) (a) (558 SE2d 773) (2002).
[20] *Jones v. State*, 272 Ga. 900, 902 (2) (537 SE2d 80) (2000).
[21] See id. at 901.

The State did not present evidence of venue at the bench trial.[22] And although Tompkins stipulated to a bench trial based upon evidentiary summaries from both sides, he did not concede that the State's evidence was sufficient to find him guilty. Explaining the agreed-upon process for the trial, Tompkins' counsel noted that the prosecution would summarize its evidence for the court, followed by a summary from the defense, and the trial court would then decide whether Tompkins "remains not guilty or is found guilty." During its presentation, the defense clearly challenged the evidence proffered by the State.

The majority asserts that Tompkins only contested below the timeliness of the charges and the victim's veracity, thus leading the prosecution and the court to believe that he did not challenge venue. In my opinion, however, Tompkins' challenge to the State's evidence extended to all material elements of the crimes charged, including venue. The cases relied upon by the majority, *Sanders v. State*[23] and *Scott v. State*,[24] do not require a different result. In *Sanders*, we concluded that the defendant waived any challenge to venue on appeal by stipulating at the trial level that *all* elements of the offense, including venue, had been proven.[25] We similarly determined in *Scott* that, with the exception of an issue regarding the suppression of certain evidence, defense counsel had led the trial court to believe that the defense conceded the State had met its burden of proof.[26] Under those circumstances, the defendant waived his challenge to the sufficiency of the evidence.[27]

Without dispute, Tompkins focused below on his statute of limitation defense and the credibility of witnesses. Venue, however, remained a key element of the State's case. And although a defendant "may expressly authorize factual stipulations that will obviate the need for proof,"[28] I cannot conclude that a valid stipulation existed as to venue. Unlike in *Sanders* and *Scott*, Tompkins did not

---

[22] On appeal, the State contends that evidence presented at Tompkins' prior jury trial, which ended in a mistrial, can be used to establish venue for purposes of the bench trial. It has cited no authority for this novel argument. Cf. *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003) (in determining whether the State presented sufficient evidence to support venue, appellate courts are limited to reviewing the evidence actually presented to the factfinder).

[23] 252 Ga. App. 609 (556 SE2d 505) (2001).

[24] 201 Ga. App. 162 (410 SE2d 362) (1991).

[25] See *Sanders*, supra at 615-616 (2).

[26] See *Scott*, supra at 163 (1).

[27] See id.; see also *Cannon v. State*, 260 Ga. App. 15, 17 (579 SE2d 60) (2003) (because defendant admitted that he had violated the restitution condition of his probation, he necessarily admitted wilfulness and waived any challenge to the sufficiency of the evidence regarding that violation).

[28] *Thompson*, supra at 103-104.

expressly concede, or lead the trial court to believe he conceded, that the State met its burden of proof here. Rather, he specifically attacked the State's evidence as to the charges. The State, therefore, was required to introduce evidence at trial sufficient to prove venue.[29] To find otherwise unreasonably extends the rulings in *Sanders* and *Scott* and relieves the State of its burden of proof.

I believe that the State's failure to prove venue requires reversal in this case. The failure to properly establish venue, however, does not prevent a retrial.[30] As noted by our Supreme Court, if we reverse a criminal conviction "because of an evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause."[31] Accordingly, although I disagree with Division 1 of the opinion, I agree with the majority's ultimate conclusion that this case must be remanded for a new trial.

I am authorized to state that Presiding Judge Blackburn, Judge Barnes and Judge Phipps join in this special concurrence.

DECIDED FEBRUARY 23, 2004 

*Brian Steel, Stephen B. Murrin, Michael R. Duponte,* for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Lori A. Zamberletti, Assistant District Attorneys,* for appellee.

