**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 31, 2024**

# In the Court of Appeals of Georgia

A24A1782. PELAYO v. THE STATE.

WATKINS, Judge.

A jury found Vincent Pelayo guilty of raping his niece, J. P., when she was a child.[1] Pelayo moved for a new trial, arguing, in part, that the trial court committed plain error in charging the jury that the statute of limitation in this case did not begin to run until J. P. turned 16. The trial court denied the motion. Given that the State did not allege in the indictment that J. P. was under 16 years old at the time of the offense, the statute of limitation was not tolled. We are thus constrained to reverse the denial of Pelayo's motion for new trial and remand the case for a new trial.

---

[1] See OCGA § 16-6-1 (a) (1).

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict."[2] So viewed, the record shows that Pelayo is J. P.'s uncle and they lived in the same house at various times during J. P.'s childhood. When they both lived in Chicago when she was younger than seven years old, Pelayo sexually abused her often by engaging in acts such as licking her vagina and rubbing his penis on her vagina.

The abuse continued after J. P. and Pelayo moved into the same home in Georgia. In the incident at issue here, Pelayo pulled J. P. into a bathroom and raped her by forcibly putting his penis in her vagina against her will. J. P. struggled and broke free, but Pelayo pulled her back. Pelayo then pushed J. P.'s head to his penis, and J. P. bit his penis and kicked him in the testicles. J. P. was somewhat inconsistent in her testimony concerning her age when this happened: she testified variously that she lived in the house where the offense occurred when she was in fourth and fifth grade, that she was "about 12 years old" at the time, and that she was "certain" she was 12 years old when the offense occurred. J. P. turned 12 on July 11, 1995.

---

[2] (Citation and punctuation omitted.) *Simpson v. State*, 357 Ga. App. 883 (852 SE2d 590) (2020).

When J. P. was around 17 or 18 years old, which would have been in 2000, 2001, or 2002, she disclosed the rape to family members. No one reported the rape to law enforcement at that time. In 2010, when J. P. was 26 years old, she reported the rape to law enforcement for the first time. As a result, Pelayo was indicted on June 22, 2011, for a single count of rape that allegedly occurred between July 11, 1995, and July 11, 1996.

Pelayo was not tried until August 2022. In addition to J. P.'s testimony about the sexual assault she endured, Pelayo's sister, who was also J. P.'s aunt, testified that she walked into a bedroom when J. P. was approximately six years old to find J. P. lying down and Pelayo pulling up his pants; J. P. ran out "scared." There was also evidence that Pelayo sexually abused two of his other nieces when they were young children, as well as his own daughter. A jury found Pelayo guilty, and he moved for a new trial. The trial court denied Pelayo's motion, and he appealed.

1. Pelayo argues that he is entitled to a new trial because the trial court plainly erred by charging the jury that the statute of limitation would toll if the jury found that J. P. was under 16 years old at the time of the rape. We are constrained to agree.

The statute of limitation for rape is 15 years.[3] But Georgia law provides an exception: for crimes committed between July 1, 1992, and June 30, 2012, if a rape victim

> is under 16 years of age on the date of the violation, the applicable period within which a prosecution shall be commenced under Code Section 17-3-1 or other applicable statute shall not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency, prosecuting attorney, or other governmental agency, whichever occurs earlier.[4]

"[A]n exception to the statute of limitation is a 'material allegation' which must be alleged in the indictment."[5] "The reason for this rule is that the indictment must show on its face that the defendant has been indicted for the crime, in the manner, and *within the time*, prescribed by the laws of the land."[6]

---

[3] OCGA § 17-3-1 (b).

[4] OCGA § 17-3-2.1 (a) (2).

[5] *Taylor v. State*, 306 Ga. 277, 286 (3) (b) (830 SE2d 90) (2019).

[6] (Citation and punctuation omitted; emphasis in original.) *Grizzard v. State*, 258 Ga. App. 124, 127 (2) (572 SE2d 760) (2002), disapproved of on other grounds by *Tompkins v. State*, 265 Ga. App. 760, 765 (2) (b) (595 SE2d 599) (2004).

Here, the indictment against Pelayo did not allege that J. P. was under the age of 16 at the time of the rape. Because of this omission,

> the State was incapable of proving an exception to toll the applicable [15]-year statute of limitation, as such proof was inadmissible. Thus, even though the evidence at trial was undisputed that [J. P.] was [not older than 16] at the time of the [rape], this evidence was inadmissible to prove that the statute of limitation for [rape] was tolled.[7]

The State does not argue otherwise on appeal. Nonetheless, at trial, the State argued in closing that the statute was tolled. The State specifically argued that the indictment was timely and "beat" the statute of limitation by three years because J. P. was under the age of 16 at the time of the rape. Moreover, the trial court charged the jury that the statute of limitation was tolled if Pelayo raped J. P. before she was 16 years old.

> Pelayo did not object to the jury charge. OCGA § 17-8-58 provides:
>
> (a) Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.

---

[7] (Citations and punctuation omitted.) *Slack v. State*, 354 Ga. App. 727, 733 (2) (c) (841 SE2d 231) (2020).

(b) Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.

Plain error analysis has four prongs:

First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[8]

---

[8] (Citation, punctuation, and emphasis omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

"Stated differently, the proper inquiry [here] is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings."[9]

Here, the trial court plainly erred when it charged the jury that the statute of limitation did not begin to run until J. P. turned 16. As discussed above, because the indictment did not allege that J. P. was under the age of 16 at the time of the offense, the statute of limitation was not tolled. Accordingly, the statute began to run at the time of the offense,[10] not when J. P. turned 16 several years later. The offense was alleged to have occurred sometime between July 11, 1995, and July 11, 1996, the dates of J. P.'s twelfth and thirteenth birthdays, respectively. Pelayo was indicted on June 22, 2011. Accordingly, Pelayo could only be convicted for a rape that occurred on June 22, 1996, or later, when the victim was nearly 13 years old. Thus, only 19 of the days included in the one-year time period alleged in the indictment fell within the statute of limitation. The charge given by the trial court, however, authorized the jury to

---

[9] (Citation and punctuation omitted.) *Lynch v. State*, 346 Ga. App. 849, 862 (4) (815 SE2d 340) (2018).

[10] "In criminal cases, the statute of limitation runs from the time of the criminal act to the time of indictment." (Citation and punctuation omitted.) *Slack*, 354 Ga. App. at 733 (2) (c).

convict Pelayo for a rape that occurred on July 11, 1993 or later — nearly three years beyond the appropriate statute of limitation.

The jury heard evidence from which it could have concluded that the rape occurred before the dates contained in the indictment and beyond the proper statute of limitation.[11] J. P. testified that she lived in the shared home where the rape occurred when she was in fourth and fifth grade, at which time she may have been as young as nine. J. P. also offered equivocal testimony that the rape occurred "around" the time she was 12 years old. If the rape occurred when J. P. was 11 years old or younger (on or before July 10, 1995), it would be beyond the statute of limitation (which reached back only as far as June 22, 1996). Even J. P.'s more definitive testimony that she was "certain" that Pelayo raped her when she was 12 years-old (from July 11, 1995, to July 10, 1996) does not cure the problem caused by the faulty jury charge, as most of J. P.'s twelfth year of life was beyond the statute of limitation.[12]

---

[11] The indictment did not allege that the date of the offense was material, and thus the State could prove it happened at any time within the statute of limitation. See e.g., *Norman v. State*, 278 Ga. App. 497, 499 (4) (629 SE2d 489) (2006).

[12] Pelayo introduced evidence indicating that he moved out of the shared home before J. P. turned 12.

Given the trial court's clearly erroneous and misleading jury instruction that [the statute of limitation tolled if the rape occurred when J. P. was less than 16 years old], . . . as well as the prosecutor's similarly erroneous closing argument, the record does not support a conclusion that the court properly instructed the jury that the State had the burden of proving that the rape occurred within the 15-year statute of limitation period beyond a reasonable doubt. On the contrary, we find that it is more likely that the erroneous jury instruction and related closing argument misled and/or confused the jurors on the statute of limitation issue and that the jury charge, when considered as a whole, did not resolve the problem.

Consequently, we conclude that the erroneous jury instruction was not harmless, that its harmful effect was exacerbated by the prosecutor's closing argument, and that there is a reasonable likelihood that the jury instruction affected the outcome of the trial. As a result, the instruction constituted plain error. [13]

For those reasons, we reverse the denial of Pelayo's motion for a new trial, vacate his conviction, and remand this case to the trial court for a new trial.

2. In light of our holding in Division 1, Pelayo's "claim[] of ineffective assistance of counsel [is] deemed moot. For the same reason, we find that [Pelayo's]

---

[13] (Citations omitted.) *Lynch*, 346 Ga. App. at 863–864 (4).

remaining enumeration[] of error [is] either moot or [is] unlikely to recur upon retrial."[14]

*Judgment reversed and case remanded. Doyle, P. J. concurs, and Hodges, J., concurs fully and specially.*

---

[14] *Lynch*, 346 Ga. App. at 865 (6).

# In the Court of Appeals of Georgia

A24A1782. PELAYO v. THE STATE.

HODGES, Judge, concurring fully and specially.

I concur fully with the majority's correct and well-written opinion. I agree that the indictment, as drafted by the District Attorney's office, was insufficient to toll the statute of limitation and to allow the State to proceed on the entire time frame alleged in the indictment for these very serious charges. See OCGA § 17-3-2.1 (a); *Slack*, 354 Ga. App. at 733 (2) (c). I further agree that the trial court's erroneous and misleading jury instruction, as well as the prosecutor's erroneous closing argument, regarding the

tolling of the statute of limitation constitutes harmful error and requires a new trial in this case. See *Lynch*, 346 Ga. App. at 863-864 (4).

I write separately to highlight my concerns with the State's failure to properly indict the case and with its improper argument to the jury that the statute of limitation had been tolled when, in fact, due entirely to the fault of the drafter of the indictment, it had not. Had the State exercised greater care in the drafting of the indictment, the victim in this case would not risk being re-victimized, as she may have to return to Court for yet more legal proceedings. See generally *Adams v. State*, 288 Ga. 695, 705 (707 SE2d 359) (2011) (Hunstein, C. J., concurring specially) (cautioning prosecutors to exercise care in drafting charging instruments). In addition, improperly arguing that the statute of limitation had been tolled when it clearly had not harmfully misled the jury in this case. Accordingly, with these concerns in mind, I concur fully with the majority opinion and urge representatives of the State to draft charging instruments with care and to refrain from making improper arguments.