## A02A0985. DICKEY v. THE STATE.
### (570 SE2d 634)

RUFFIN, Judge.

Victor Dickey was indicted for theft by taking over $160,000 from his employer. Pursuant to a negotiated plea agreement, the trial court sentenced Dickey to ten years probation, with several conditions attached, including payment of restitution. When Dickey violated the restitution order, the court revoked his probation. We granted Dickey's application for discretionary review of the revocation order, and for reasons that follow, we affirm.

The record contains a copy of Dickey's plea agreement with the State. Under the agreement, Dickey acknowledged that he was aware of his rights and that he was pleading guilty in exchange for a specified sentence recommendation by the district attorney. Specifically, Dickey agreed to a sentence of ten years in jail, which would be probated if he served 90-120 days in a detention center, performed 200 hours of community service, and paid

> restitution in the amount of $160,878.08, as follows: The sum of $100,000.00 shall be paid no later than August 15, 2001; [t]he balance of $60,878.08 shall be paid in 78 equal,

---

[15] Id. at 33 (1).

[16] See *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001).

[17] See *Aldridge*, supra.

consecutive monthly installments upon the Defendant's release from incarceration, with all sums being due and payable no later than June 1, 2008; and [i]t is understood and agreed that the victim . . . is to be made whole to the extent of its losses, $160,878.08.

The agreement also states that it was freely and voluntarily executed by Dickey after he consulted with his attorney. Upon accepting his plea, the trial court sentenced Dickey in accordance with the plea agreement.

When August 15 arrived, Dickey had paid only $2 in restitution, and his probation officer petitioned the court to revoke or modify his probation. At the revocation hearing, Dickey stipulated that he had not paid restitution as required by the agreement. In arguing for revocation, the assistant district attorney informed the court that the restitution offer contained in the agreement was made by Dickey, and that "the State was led to believe that through family efforts some one hundred thousand dollars was being raised and would be paid by August the 15th." Dickey's counsel responded that restitution was not paid because Dickey "was locked up and unable to pay this money" and argued that "the Court is not permitted to revoke probation based on the inability to pay." Rejecting Dickey's argument, the trial court revoked his probation and required him

to serve 2 years in a GA Dept. of Corrections Probation Detention Center, or such other place as the Commissioner of Corrections may direct. . . . Upon completion of [the] Detention Center sentence, he is to continue on Probation and be placed in a GA Department of Corrections Diversion Center until his Restitution is paid in full. He is not to be released from custody between his completion of the [time served in the Probation Detention Center] and placement in the Diversion Center.

1. Dickey asserts that, based on the United States Supreme Court's decision in *Bearden v. Georgia*,[1] the trial court erred because the revocation was based on his failure to pay the restitution, and there was no evidence that this failure was wilful. We disagree.

In *Bearden*, the Court addressed the due process and equal protection concerns of imprisoning an individual for nonpayment of a fine or restitution.[2] The Court recognized that differential treatment of indigent defendants in revoking probation may violate the equal

[1] 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).
[2] Id. at 665-666.

protection clause and that the fundamental unfairness of revoking probation based on an indigent's failure to pay a fine raises due process concerns.[3] Thus, "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it."[4] Conversely, however, nothing precludes the state from imprisoning a defendant who wilfully refuses to pay a fine or restitution.[5] The critical factor under *Bearden* is the reason for nonpayment. If the probationer is without fault, revocation is inappropriate.[6]

In this case, Dickey was not without fault. When he agreed to the plea bargain, Dickey entered into a contract.[7] At the time, Dickey knew that he would be required to pay $100,000 of restitution by August 15, 2001. Dickey also knew, better than the assistant district attorney and the trial judge, whether he had the ability to make this payment. If Dickey had any doubt concerning his ability to make the payment, he should have informed the other parties before everyone agreed to the terms. There is no evidence that he did so. Dickey's silence, when he should have spoken, and his ultimate breach, make him culpable.[8] He was not without fault.

Moreover, this case is distinguishable from *Bearden*. The Court's opinion in *Bearden* reflects that the trial court unilaterally imposed the probated sentence, fines, and restitution as an alternative to incarceration.[9] Here, Dickey negotiated and agreed to his probated sentence and the payment of restitution to avoid incarceration. To date, neither a Georgia appellate court nor the United States Supreme Court has addressed the question of whether probation may be revoked for failure to make restitution, where the restitution requirement was bargained for by the probationer. Other jurisdictions, however, have addressed this issue.

Several jurisdictions have relied on principles of contract law. For instance, in *Sichenzia v. Supreme Court, Suffolk County*,[10] the court characterized the defendant's plea agreement, which included a restitution provision, "as a binding agreement between the government and the defendant." In distinguishing *Bearden*, the court observed that, while *Bearden*

> involved a sentence involuntarily imposed by the court upon the defendant, the instant case involves a consensual plea

[3] See id.
[4] Id. at 667-668 (II).
[5] See id. at 668.
[6] Id. at 668-669.
[7] See *Gilbert v. State*, 245 Ga. App. 544, 546 (1) (538 SE2d 104) (2000).
[8] See id.
[9] See *Bearden*, supra, 461 U. S. at 662.
[10] No. CV-89-4348, 1990 U. S. Dist. LEXIS 1582, at *9 (E.D. N.Y. February 9, 1990).

agreement. This distinction is crucial. The defendant in *Bearden* did not elect probation and restitution in lieu of a prison sentence. Rather, the trial court decided that the state's interest in punishment did not require incarceration.[11]

Thus, where the sentencing court makes such a determination, a probationer cannot be deprived of his freedom solely because he was unable to pay the restitution.[12] But, the court concluded, when a probationer secures his freedom by negotiating an agreement that requires restitution, upon his failure to comply, a court may properly sentence him according to the terms of the agreement.[13]

Other courts have reached similar results. In *Commonwealth v. Payne*,[14] the court observed that the defendant was "offered the privilege of making restitution as part of a plea bargain, with the express condition that, should he not hold up his end of the bargain, a sentence of incarceration would be imposed." When the defendant entered the agreement, the court held that he tacitly represented that he could pay the restitution.[15] Thus, the court concluded, the defendant was not incarcerated because of his poverty, but because he failed to comply with his agreement.[16]

Likewise, in *Patton v. State*,[17] where the defendant failed to pay restitution required by a plea agreement, the court observed that "[t]he concept of [a] plea bargain contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court."[18] Thus, the court reasoned, when a defendant "pleads guilty pursuant to a plea agreement, he knowingly and voluntarily recognizes and admits that the sentence is manifestly fair."[19] In rejecting the defendant's claim that his probation

---

[11] Id. at *11-12. See also *United States v. Johnson*, 767 FSupp. 243, 247-248 (N.D. Ala. 1991) (distinguishing *Bearden* on ground that "Johnson's restitution obligations were carefully bargained for after notice to the victims," and concluding that, "[t]o allow [the defendant] now to continue as a probationer without paying her victims would simply be to abrogate or sweep the plea agreement under the rug, and to overlook what, in retrospect, amounts to a fraud on the court [and the victims]").

[12] See *Sichenzia*, supra at *12.

[13] See id. at *12-13. See also *Polk v. Commonwealth*, 622 SW2d 223, 225 (Ky. App. 1981) ("appellant made a firm commitment as a condition to his probation that a certain sum would be paid rather than his going to prison. This is a different situation from a fine imposed by a court. It was the understanding of all parties concerned that if the conditions of probation were not met, the probation would be revoked. Indigency has no application here.").

[14] 33 Mass. App. Ct. 553, 557 (602 NE2d 594) (1992).

[15] See id.

[16] See id.

[17] 458 NE2d 657 (Ind. App. 1984).

[18] (Punctuation omitted.) Id. at 659.

[19] Id. at 660.

should not be revoked due to his failure to pay restitution, the court found that, "[a]t the time [he] accepted the benefits of the plea bargain, which included dismissal and abstention from filing of heavier felonies, he knew better than anyone whether he had the ability to raise the money, and the risk he ran if he did not."[20]

In this case, we can discern no reason why Dickey should be entitled to the benefit of a probated sentence when he breached his agreement with the State.[21] Again, unlike *Bearden*, Dickey was not involuntarily sentenced by the court to pay a fine as a condition of probation. Dickey negotiated payment of restitution to avoid what likely would have been significant time in prison. Having breached the plea agreement that he negotiated, Dickey cannot now insist that he remain on probation and be excused from performance due to indigence. As pointed out by the court in *State v. Caballero*,[22] "[t]o hold otherwise would permit defendants, either in good or bad faith, to bargain for payment of a fine in exchange for a suspended sentence, renege, and then avoid incarceration or any other punishment for the offense committed." We do not believe the *Bearden* Court intended such result. Accordingly, we find no merit in Dickey's argument that *Bearden* required the trial court to find he wilfully refused to pay restitution before it revoked his probation.

2. Dickey also asserts that the trial court erred in revoking more than two years of his probation because the revocation stemmed from his failure to pay restitution, which was a general condition of probation.[23] The State responds that the restitution requirement was a special condition of probation and that the trial court was, therefore, authorized to revoke the entire balance of Dickey's probation under OCGA § 42-8-34.1 (e).[24] Pretermitting whether the restitution requirement was a general or special condition, we find that the trial court did not revoke more than two years of Dickey's probation. The court's order states that after the initial two-year revocation period, Dickey is to continue his probation in a diversion center. Time served on probation in a diversion center does not equate to time served in confinement.[25] Thus, this argument is without merit.

3. Finally, Dickey argues that the trial court's application of OCGA § 42-8-34.1 in revoking his probation operated as an ex post

---

[20] Id.

[21] See *Gilbert*, supra.

[22] 464 S2d 939, 943 (La. App. 1985).

[23] See OCGA § 42-8-34.1 (c) (Supp. 2001) (limiting sentence to two years confinement for violation of a general condition of probation other than commission of a new felony offense).

[24] (Supp. 2001).

[25] See *Penaherrera v. State*, 211 Ga. App. 162 (438 SE2d 661) (1993).

facto law. But Dickey has not shown that he raised this argument below, and it is, therefore, waived on appeal.[26]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED AUGUST 28, 2002 — 

Kicklighter & Persse, Robert L. Persse, for appellant.

R. Joseph Martin III, District Attorney, Keith A. McIntyre, Assistant District Attorney, for appellee.

---

[26] See *Dorsey v. State,* 251 Ga. App. 640, 642 (2) (554 SE2d 278) (2001).