## A02A2320. CANNON v. THE STATE.
### (579 SE2d 60)

PHIPPS, Judge.

We granted Brian Cannon's application for discretionary review of the revocation of his probation. Cannon contends that there was insufficient evidence to support the revocation. Because the record reveals otherwise, we affirm.

In December 1997, Cannon was adjudicated guilty of burglary and was sentenced to 20 years, with approximately 18 of those years to be served on probation. The probation conditions required, among other things, that Cannon pay monthly restitution of $50 and not violate the criminal laws of any governmental unit.

On January 24, 2002, the State petitioned to revoke Cannon's probation, alleging that Cannon's restitution obligation was in arrears and that he had committed aggravated assault and robbery upon Calvin Jones on January 14, 2002. Cannon appeared at a hearing in superior court with his attorney. As to the restitution obligation, counsel reported that Cannon was "admit[ting] the . . . financials, that he's not paid those. I've spoken with his mother. She thinks they may be able to be paid by the first of the month." As to the offenses against Jones, Cannon's attorney stated that Cannon was denying that he had committed the offenses. The court confirmed, "Okay. So he admits the technicals and denies the other two [offenses]. That's fine. . . ."

After both sides presented evidence, Cannon's attorney reminded the court during closing argument, "we agree that there are

technical *violations* here concerning the money. Hopefully, those will be taken care of by the first of the month. But there's just simply no proof . . . there was a robbery, or that if there were, [Jones] was the victim of an aggravated assault from [Cannon]."[1] The court determined that Cannon had violated the conditions as alleged and revoked his probation.

On appeal, Cannon argues that the evidence adduced at the hearing was insufficient to support the revocation. First, Cannon complains of hearsay testimony that pointed to him as the perpetrator of the crimes. But the transcript reveals nonhearsay evidence that Cannon attacked and robbed Jones. Jones testified that as he was walking outside a nightclub on the night in question, Cannon suddenly hit him about the head with his fist. About five other men then began hitting Jones. Jones fell down, and the men began to kick him. Jones lapsed into unconsciousness at that point, but he testified at the hearing that he was "positive" that Cannon, whom he had known for "years and years," was one of the men who had "jumped on" him. After the attack, Jones walked to his brother's house, and the police were called. The responding officer saw that Jones had a bloody mouth, a "bump on [his] head," and what "looked like . . . a contusion to the back of the head." Jones was taken to a hospital, where he remained for several days. He recounted at the hearing that he had money in his pocket before the attack, but that it was not there when he reached the hospital.

Next, Cannon claims that his evidence established an alibi, asserting that the testimony of his mother, sister, niece, and girlfriend placed him elsewhere. It was the duty of the factfinder, here the superior court, to weigh the evidence, determine the credibility of witnesses, and decide whether to accept or reject evidence introduced as support of an alibi defense.[2] After hearing Cannon's alibi defense, the superior court rejected it in favor of the State's evidence, which it was authorized to do. This court will not interfere with a probation revocation, where the standard for finding a violation is a preponderance of the evidence,[3] unless a trial court has manifestly abused its discretion.[4] Cannon has shown no such abuse.

Finally, Cannon now complains that there was no showing of wilfulness as to his failure to pay restitution as ordered. If the State determines that restitution is an appropriate penalty for a crime, it

---

[1] (Emphasis supplied.)

[2] See *Bacon v. State*, 249 Ga. App. 347, 349 (1) (b) (548 SE2d 78) (2001); *Jackson v. State*, 239 Ga. App. 77, 80 (1) (519 SE2d 746) (1999).

[3] See OCGA § 42-8-34.1 (b), formerly OCGA § 42-8-34.1 (a); see *Couch v. State*, 246 Ga. App. 106, 107 (2) (539 SE2d 609) (2000).

[4] *Cheatwood v. State*, 248 Ga. App. 617, 621 (2) (548 SE2d 384) (2001).

may not thereafter imprison a probationer solely because he lacked the resources to pay it.[5] Conversely, nothing precludes the State from seeking to imprison a person who wilfully refuses to pay the restitution.[6] The critical factor is the reason for nonpayment,[7] and in revocation proceedings for failure to pay restitution, the court must inquire into the reasons for the failure to pay.[8]

But in this case, the record shows that the court made no such inquiry because Cannon's attorney announced and led both the court and the prosecuting attorney to believe that the only issues contested by Cannon were the new offenses of aggravated assault and robbery. Counsel repeatedly informed the court that Cannon was admitting that he had violated the restitution condition, which he referred to as the "financials" and the "technicals." The State's charge of failure to pay restitution necessarily included the element of wilfulness, and by admitting that he had violated the restitution condition, Cannon necessarily admitted wilfulness. Cannon has thus waived any challenge to the sufficiency of the evidence with regard to that condition of probation.[9]

Contrary to Cannon's contentions, the evidence was sufficient, under a preponderance of the evidence standard, to support the revocation of his probation.[10]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 27, 2003.

*William J. Mason*, for appellant.
*Cecilia M. Cooper, District Attorney, Daniel P. Bibler, Assistant District Attorney*, for appellee.

---

[5] *Bearden v. Georgia*, 461 U. S. 660, 667-668 (II) (103 SC 2064, 76 LE2d 221) (1983); *Dickey v. State*, 257 Ga. App. 190, 192 (1) (570 SE2d 634) (2002).
[6] *Bearden*, supra at 668; *Dickey*, supra.
[7] *Bearden*, supra; *Dickey*, supra.
[8] *Bearden*, supra at 672.
[9] See OCGA § 42-8-34.1 (b), formerly OCGA § 42-8-34.1 (a) ("[C]ourt may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged. . . ."); *Scott v. State*, 201 Ga. App. 162, 163 (1) (410 SE2d 362) (1991).
[10] See OCGA § 42-8-34.1 (b), formerly OCGA § 42-8-34.1 (a); *Couch*, supra.