A05A2267. ANDREWS v. THE STATE.
(623 SE2d 247)

ELLINGTON, Judge.

In October 2003, Charles Andrews pled guilty to possession of cocaine, OCGA § 16-13-30 (a), and possession of marijuana, OCGA § 16-13-30 (j) (1). In lieu of sentencing, the trial court allowed Andrews to participate in DeKalb County's "Drug Court Program" with the understanding that, if Andrews failed to comply with any provision of the Drug Court Contract, the trial court would sentence him on the drug possession charges. Following an April 22, 2005 hearing, the trial court found that Andrews had violated the provisions of the Drug Court Contract. The trial court sentenced Andrews on the possession charges, and Andrews appeals. Finding no error, we affirm.

It is undisputed that, as a condition of participating in the Drug Court Program, Andrews signed a contract agreeing "to avoid people or places of disreputable or harmful character. I understand this to include people currently on probation or parole and people with

---

[9] *West v. Cobb County Dept. of Family &c. Svcs.*, 243 Ga. 425 (254 SE2d 373) (1979).

felony convictions, *drug users and drug dealers.*" (Emphasis supplied.) See OCGA § 16-13-2 (a).[1] In April 2005, the State moved to terminate Andrews from the Drug Court Program based upon an alleged violation of this provision of the Drug Court Contract.

During an April 22, 2005 hearing, a police officer testified to the following facts: a confidential informant ("C. I.") contacted the police in February 2005 regarding a person who was transporting a large amount of narcotics. While the police officer listened on a speaker phone, the C. I. received several phone calls from the person who was transporting the drugs, Mack Willingham. Willingham used "a lot of slang terms" that are commonly understood by drug users and dealers as he discussed the quantity, quality, and price of cocaine he was carrying. The C. I. and Willingham also discussed where the drugs were to be delivered, and the exact location changed several times during the conversations. The men finally agreed to meet at a Fina gas station in DeKalb County. Within minutes, Willingham arrived at the Fina station as a passenger in Andrews' truck; Andrews was driving. Police officers apprehended Willingham and asked Andrews for permission to search the truck. Andrews gave permission, and the officers found a black plastic bag in plain view on the floor near the front passenger's seat. The bag contained 126 grams of cocaine. The officers arrested Willingham, but did not arrest Andrews. When officers subsequently went to Willingham's girlfriend's home to search for more contraband, the girlfriend asked, "Charles [Andrews] set [Willingham] up, didn't he?"

Andrews testified during the hearing and admitted that, on the day of Willingham's arrest, Willingham called him to ask for a ride. Andrews picked up Willingham at the girlfriend's home and gave him a ride to the Fina station. Andrews claimed, however, that he did not

---

[1] Whenever any person who has not previously been convicted of any [drug-related] offense . . . , pleads guilty to or is found guilty of possession of a narcotic drug, marijuana, or stimulant, depressant, or hallucinogenic drug, the court may without entering a judgment of guilt and with the consent of such person defer further proceedings and place him on probation upon such reasonable terms and conditions as the court may require, preferably terms which require the person to undergo a comprehensive rehabilitation program, including, if necessary, medical treatment, not to exceed three years, designed to acquaint him with the ill effects of drug abuse and to provide him with knowledge of the gains and benefits which can be achieved by being a good member of society. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed accordingly. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Code section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this Code section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this Code section may occur only once with respect to any person.
OCGA § 16-13-2 (a).

notice that Willingham had a black plastic bag with him. Andrews also said that he did not pay any attention to what Willingham was saying on the cell phone during the drive to the Fina station, although Andrews was able to describe the substance of three of Willingham's calls. Andrews claimed that, even though he had known Willingham for several months, he did not know Willingham was involved with drugs before Willingham's arrest.

Following the hearing, the trial court found that Andrews was involved in Willingham's drug transaction and was "very aware" that Willingham was transporting drugs. The court rejected the idea that, given Andrews' background and experience with cocaine,[2] Andrews could have "had this stuff in [his] truck" and had telephone conversations being made in his presence and still "not know exactly what was going on in this case." The court found that this was a "clear violation" of Andrews' contract with the Drug Court Program and sentenced him to ten years, five to serve, on his October 2003 guilty plea for cocaine possession, with a twelve-month concurrent sentence for the marijuana possession. Andrews filed a direct appeal to this Court from the trial court's sentence.

1. Although the State has not filed a motion to dismiss this case based upon lack of jurisdiction or otherwise argued that this Court lacks jurisdiction to hear this appeal, "[i]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Jordan v. State*, 247 Ga. App. 551, 552 (1) (544 SE2d 731) (2001). This case presents an issue that has not previously been addressed by our appellate courts, that is: when a defendant is adjudicated guilty and sentenced after the trial court finds he violated a Drug Court Contract made pursuant to OCGA § 16-13-2 (a), is he entitled to a direct appeal, or is an application for discretionary appeal required under OCGA § 5-6-35 (a) (5)?[3]

Under OCGA § 16-13-2 (a), the trial court has the discretion to withhold an adjudication of guilt and defer sentencing for drug-related crimes, with the possibility of a complete discharge and dismissal if the defendant successfully completes a probationary period. As such, OCGA § 16-13-2 has been compared to the state's "first offender" statute, OCGA § 42-8-60.[4] See *State v. Stinson*, 278

---

[2] According to the record, Andrews had two previous cocaine possession convictions prior to his October 2003 guilty plea.

[3] OCGA § 5-6-35 (a) (5) requires an application for discretionary review for appeals arising from probation revocations.

[4] Under OCGA § 42-8-60,
     (a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously

Ga. 377, 380 (602 SE2d 654) (2004).[5] In *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985), this Court concluded that the discretionary appeal procedure of OCGA § 5-6-35 (a) (5) is applicable to the revocation of "first offender" probation, even absent a final and formal adjudication of guilt. See also *Zamora v. State*, 226 Ga. App. 105 (485 SE2d 214) (1997) (dismissing a direct appeal from a probation revocation arising from defendant's first offender status). Based upon *Dean* and *Zamora*, it would appear that a defendant seeking to challenge the revocation of his OCGA § 16-13-2 (a) probationary status would also be required to file an application for discretionary review. Therefore, we hold that all direct appeals following probation revocations pursuant to OCGA § 16-13-2 (a) that are filed after the date of this opinion will be subject to the discretionary application procedures of OCGA § 5-6-35 (a) (5).

We also hold, however, that because the Code is unclear on this issue, there has been no case law directly addressing this issue until now, and the State failed to file a motion to dismiss the direct appeal or even challenge this Court's jurisdiction, it would be manifestly unfair for this Court, sua sponte, to dismiss Andrews' direct appeal. See *State v. Adams*, 264 Ga. 842 (2) (452 SE2d 117) (1995) (holding that it would be unfair to require a party to comply with a pleading requirement which resulted from the Court's interpretation of a statute, when the requirement did not exist at the time the party filed its pleading). Therefore, we will consider the merits of Andrews' appeal.

2. Andrews contends that the trial court erred in finding that he violated the Drug Court Contract because the provision requiring participants "to avoid people or places of disreputable or harmful

---

convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law.

(b) Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as otherwise provided by law. No person may avail himself of this article on more than one occasion.

[5] OCGA § 16-13-2 (a) gives the defendant who pleads guilty to or is found guilty of a drug violation the option, with the trial court's assent, of undergoing a comprehensive rehabilitation program. As in the first offender provisions, [OCGA § 42-8-60,] the alternative treatment offered under OCGA § 16-13-2 (a), confers substantial benefits upon the defendant. It allows the defendant, upon fulfillment of the terms and conditions of his probation, to be discharged by the trial court and to have the criminal proceedings against him dismissed.

*State v. Stinson*, 278 Ga. at 380.

character [including] drug users and drug dealers" is ambiguous and vague. Andrews suggests that the provision could be used to punish someone even though they do not actually *know* of an acquaintance's disreputable character. Andrews failed, however, to raise this argument in the court below. Therefore, it has been waived on appeal. *Dickey v. State*, 257 Ga. App. 190, 195 (3) (570 SE2d 634) (2002).

Further, even if we were to accept Andrews' contention that the provision is ambiguous and should be construed to require that a Drug Court participant avoid only people or places that he *actually knows* are disreputable or harmful, including drug users and dealers,[6] Andrews has still failed to show that the trial court erred in finding that he violated the provision. Although Andrews claims that he did not know Willingham was a drug user or dealer, the trial court rejected Andrews' claim of ignorance, specifically finding that Andrews was "very aware" that Willingham was transporting cocaine while riding in Andrews' truck. "Issues of credibility are for the trier of fact, not this Court." (Punctuation and footnote omitted.) *Dugger v. State*, 260 Ga. App. 843, 846 (2) (581 SE2d 655) (2003). The trial court's finding is supported by evidence in the record and is not clearly erroneous. *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004) (this Court will not disturb factual findings in probation violation cases unless they are clearly erroneous). Accordingly, Andrews has failed to demonstrate any reversible error.

3. Andrews complains that the trial court violated his due process rights by failing to give him written notice of its intention to terminate him from the Drug Court Program. Pretermitting whether such written notice was, in fact, required in this case, Andrews waived this issue by failing to object below.

> It appears from the record that the defendant was present at the hearing and was represented by counsel, and no objection was made at that time to the effect that the notice was insufficient, either as to length of time or in any other respect, to allow counsel to prepare his defense, nor was a continuance requested for this purpose. We must therefore assume that due notice was in fact received by the defendant or that, in any event, the general appearance of the defendant by his counsel constituted a waiver of any irregularity therein. From the facts of this record, it seems apparent that

---

[6] See generally *Dugger v. State*, 260 Ga. App. 843, 847 (3) (581 SE2d 655) (2003) (finding that the trial court did not err in finding that defendant violated a probation provision requiring him to avoid contact with persons of disreputable or harmful character when he knowingly associated with a drug dealer).

the defendant waived any objection to any lack of notice or formality of hearing.

(Citation and punctuation omitted.) *Rainwater v. State*, 127 Ga. App. 406, 408 (193 SE2d 889) (1972). See also *Waters v. State*, 80 Ga. App. 104, 106 (1) (55 SE2d 677) (1949) (accord).

4. Andrews complains that the trial court judge decided this case before hearing evidence.[7] Andrews relies upon statements allegedly made by the judge at an April 8, 2005 hearing. The transcript of that hearing is not included in the record on appeal. It is Andrews' burden, as appellant, to show error by the record, and his "appellate brief cannot serve in place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error." (Footnote omitted.) *Colon v. State*, 275 Ga. App. 73, 84 (12) (619 SE2d 773) (2005). Further, Andrews failed to raise this issue in the court below. Therefore, it is waived. *Dickey v. State*, 257 Ga. App. at 195 (3).

5. Andrews contends the evidence was insufficient to support a finding that he violated the Drug Court Contract, arguing there was no evidence that he knew Willingham was a drug user or dealer before Willingham was arrested. As noted above in Division 2, supra, there was evidence in the record to support the trial court's finding to the contrary. *Young v. State*, 265 Ga. App. at 426.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 17, 2005.

*Begner & Begner, Alan I. Begner, Tammi S. Long*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Anne M. Long, Robert M. Coker, Assistant District Attorneys*, for appellee.

---

[7] Although Andrews also argues that the Drug Court Contract improperly denied him the right to file a motion to recuse the trial court judge, this argument is an improper expansion of the enumerated error. Accordingly, it cannot be considered. *Williams v. State*, 208 Ga. App. 153, 154 (1) (430 SE2d 42) (1993) ("[e]numerations of error cannot be enlarged [in the brief] to include other issues not asserted") (citation omitted). Further, Andrews did not raise this issue below. Therefore, it is waived. *Dickey v. State*, 257 Ga. App. at 195 (3).