# Court of Appeals
# of the State of Georgia

ATLANTA,  February 20, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1152.  EDWARD T. RIDLEY v. THE STATE.**

In 2013, Edward Ridley pled guilty to failure to register as a sex offender, and the trial court imposed a sentence that included a term of probation.  In November 2019, the trial court revoked eight years of Ridley's probation after finding that he failed to pay court-ordered monies and committed a new felony offense.  Ridley then filed this direct appeal.  We lack jurisdiction.

An appeal from an order revoking probation must be initiated by filing an application for discretionary review.  OCGA § 5-6-35 (a) (5), (b); see *Andrews v. State*, 276 Ga. App. 428, 430-431 (1) & n. 3 (623 SE2d 247) (2005).  "Compliance with the discretionary appeals procedure is jurisdictional."  *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).  Ridley's failure to follow the proper procedure deprives us of jurisdiction over this appeal.

Although Ridley's notice of appeal was directed to this Court and identified § 5-6-35 (a) (5) as the basis for his appeal, he filed it in the trial court (which properly construed it as a notice of appeal), rather than this Court.  An application for discretionary review must be filed in the appropriate appellate court.  OCGA § 5-6-35 (d); compare OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined").  Regardless, Ridley previously filed an application for discretionary review of the November 2019 probation revocation order, which we denied on the merits.  See *Ridley v. State*, No. A20D0212 (Dec. 27, 2019).  Because we rejected Ridley's challenge to the trial court order sought to be appealed here in Case No. A20D0212, the current appeal also is barred by the law of the case.  See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was

raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

For each of the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/20/2020*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



*, Clerk.*