# Court of Appeals
# of the State of Georgia

ATLANTA,  November 05, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0536. DEVAANSH VIVEK MAHTANI v. THE STATE.**

In 2023, Devaansh Mahtani pled guilty to reckless driving and driving on the wrong side of the roadway, and the trial court imposed a sentence of 24 months on probation. In April 2024, Mahtani filed a "Motion for Financial Propriety due to Probation Office's Unauthorized Surcharges," which the trial court denied in May 2024. Five days later, Mahtani filed a motion for reconsideration in which he asked the trial court, inter alia, to terminate his probation. That motion appears to remain pending in the trial court.

In July 2024, the trial court revoked 48 hours of Mahtani's probation. Mahtani then filed both an application for discretionary review (seeking appellate review of the July 2024 revocation of his probation and the purported implicit overruling of his motion for reconsideration) and a notice of appeal (seeking appellate review of the same two rulings, as well as the prior denial of his "Motion for Financial Propriety"). We denied Mahtani's discretionary application on the merits, see *Mahtani v. State*, Case No. A25D0050 (Sept. 30, 2024), and the direct appeal has been docketed as the current case, No. A25A0536. We lack jurisdiction.

The underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). Here, the underlying subject matter is the revocation of Mahtani's probation. And an appeal from an order revoking probation must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (5), (b); see *Andrews v. State*, 276 Ga. App.

428, 430-431 (1) & n. 3 (623 SE2d 247) (2005). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves the revocation of Mahtani's probation, he has no right to a direct appeal here, and we denied his application for discretionary review.[1] See *Andrews*, 276 Ga. App. at 430-431 (1) & n. 3; *Mahtani*, Case No. A25D0050.

Moreover, our denial of Mahtani's application in Case No. A25D0050 renders the current appeal of the revocation of his probation barred by the law of the case doctrine. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary review acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

For the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/05/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] To the extent that the May 2024 denial of Mahtani's "Motion for Financial Propriety" may not be subject to the discretionary review procedures, his August 2024 notice of appeal was untimely filed more than 30 days after entry of the May 2024 order. See OCGA § 5-6-38 (a) (a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed).